## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHRISTMAS TREE SHOPS, LLC., *et al.,*[1] | Case No. 23-10576 (TMH) |
| Debtors. | Jointly Administered |
| | Adv. Proc. No. 23-50446 (TMH) |
| AINSLIE H. VOREL, on behalf of herself and all others similarly situated, | |
| Plaintiff, | |
| v. | |
| CHRISTMAS TREE SHOPS, | |
| Defendant. | |

**CHAPTER 7 TRUSTEE'S ANSWER TO CLASS ACTION ADVERSARY COMPLAINT FOR VIOLATION OF THE WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT, 29 U.S.C. § 2101, ET SEQ., AND VIOLATION OF NEW JERSEY WARN ACT, N.J.S.A. § 34:21-1, ET SEQ.**

For his answer to the *Class Action Adversary Complaint for Violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et seq., and Violation of New Jersey WARN Act, N.J.S.A. § 34:21-1, et seq.* (the "Complaint") filed by Plaintiff Ainslie H. Vorel (purportedly on behalf of herself and all others similarly situated), George L. Miller (the "Trustee"), on behalf of the chapter 7 bankruptcy estate of Christmas Tree Shops, LLC ("CTS" or the "Defendant"), states as follows:

---

[1] 1 The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

## **NATURE OF THE ACTION**

1.      The Trustee admits that Plaintiff purports to bring a claim under the Workers Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "WARN Act"). The Trustee is informed and believes that Plaintiff was employed by debtor CTS.  The Trustee is without sufficient knowledge or information as to whether Plaintiff was terminated "without cause, as part of, or as the result of, the plan closing/termination of operations ordered by CTS and who were not provided 60 days' advance written notice of their termination," and therefore these allegations are denied. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied. The Trustee denies that the Defendant violated the WARN Act, the NJ WARN Act, or any other law and denies that Plaintiff is entitled to any relief.

2.      The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

3.      The Trustee admits that Plaintiff and all similarly-situated employees are seeking to recover from CTS 60 days' wages and benefits, pursuant to the WARN Act.

4.      To the extent that a response is deemed required, the allegations are denied. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.

5.      The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

6.      The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the allegations are denied.

## JURISDICTION AND VENUE

7.      The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

8.      The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

9.      The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

10.      The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

11.      The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

## THE PARTIES

12.      The Trustee admits the allegations in this paragraph, except that CTS no longer maintains a principal place of business at 64 Leona Drive, Middleborough, MA 02346 following the conversion of the chapter 11 cases to chapter 7 cases on August 16, 2023 (the "Conversion Date").

13.      The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

14.      The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are

denied.

## **FACTUAL ALLEGATIONS AS TO ALL COUNTS**

### **Background**

15.     The Trustee admits that on May 5, 2023 ("Petition Date"), CTS and its affiliated debtors (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and that the Debtors continued to operate their businesses as debtors in possession up until the Conversion Date.

16.     The Trustee admits the allegations in this paragraph.

17.     Upon information and belief, the Trustee admits the allegations in this paragraph.

18.     Upon information and belief, the Trustee admits the allegations in this paragraph.

19.     The Trustee admits that employees worked at the DC, HQ, or the Stores.  The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and on that basis, the allegations are denied.

20.     The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

21.     The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

22.     The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are

4

denied.

23.      The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

24.      The Trustee admits that Class Plaintiff and employees were terminated but the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of whether such termination was "without cause," and on that basis, such allegations are denied.

25.      The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

## Federal WARN Act Class Allegations

26.      The Trustee avers that the allegations set forth in Paragraph 26 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

27.      The Trustee avers that the allegations set forth in Paragraph 27 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee denies the allegations in Paragraph 27 of the Complaint.

28.      The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

29.      The Trustee is without knowledge or information sufficient to form a belief as

5

to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

30.    The Trustee avers that the allegations set forth in Paragraph 30 and each of the subparagraphs (a) through (c) of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee denies the allegations in Paragraph 30 and each of the subparagraphs (a) through (c) of the Complaint.

31.    The Trustee avers that the allegations set forth in Paragraph 31 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

32.    The Trustee avers that the allegations set forth in Paragraph 32 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

33.    The Trustee avers that the allegations set forth in Paragraph 33 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

34.    The Trustee avers that the allegations set forth in Paragraph 34 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to

DOCS_DE:245040.2 57097/001

the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

35.    The Trustee avers that the allegations set forth in Paragraph 35 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

### New Jersey WARN Act Class Allegations

36.    The Trustee admits that Class Plaintiff brings the Second Claim for Relief for violation of the NJ WARN Act on behalf of herself and a class of similarly-situated persons pursuant to N.J.S.A. § 34:21-1 et seq. and Federal Rules of Civil Procedure 23(a) and (b), but denies the remaining allegations in this paragraph.

37.    The Trustee avers that the allegations set forth in Paragraph 37 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee denies the allegations in Paragraph 37 of the Complaint.

38.    The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

39.    The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

40.    The Trustee avers that the allegations set forth in Paragraph 40 and each of the subparagraphs (a) through (c) of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee denies the allegations in Paragraph 40 and each of the subparagraphs (a) through (c) of the Complaint.

7

41.     The Trustee avers that the allegations set forth in Paragraph 41 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

42.     The Trustee avers that the allegations set forth in Paragraph 42 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

43.     The Trustee avers that the allegations set forth in Paragraph 43 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

44.     The Trustee avers that the allegations set forth in Paragraph 44 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

45.     The Trustee avers that the allegations set forth in Paragraph 45 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

8

## CLAIMS FOR RELIEF

### Count I: Violation of the WARN Act, 29 U.S.C. § 2101 et seq.

46.  The Trustee incorporates by reference his answers to allegations in all preceding paragraphs.

47.  The Trustee admits that Defendant employed more than 100 employees in the United States, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and on that basis, the allegations are denied.

48.  The Trustee avers that the allegations set forth in Paragraph 48 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

49.  The Trustee denies the allegations set forth in Paragraph 49 of the Complaint.

50.  The Trustee avers that the allegations set forth in Paragraph 50 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

51.  The Trustee avers that the allegations set forth in Paragraph 51 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are

9

denied.

52.    The Trustee avers that the allegations set forth in Paragraph 52 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

53.    The Trustee avers that the allegations set forth in Paragraph 53 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

54.    The Trustee avers that the allegations set forth in Paragraph 54 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

55.    The Trustee avers that the allegations set forth in Paragraph 55 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

**Count II: Violation of the New Jersey WARN Act, N.J.S.A. § 34:21-1 et seq.**

56.    The Trustee incorporates by reference his answers to allegations in all preceding paragraphs.

10

57.     The Trustee admits that Class Plaintiff was an "employee" of Defendant, but the balance of the sentence is a conclusion of law to which no response is required.  The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and on that basis, the allegations are denied.

58.     The Trustee avers that the allegations set forth in Paragraph 58 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

59.     The Trustee admits that Defendant was an "employer," but the balance of the sentence is a conclusion of law to which no response is required.

60.     The Trustee denies the allegations set forth in Paragraph 60 of the Complaint.

61.     The Trustee avers that the allegations set forth in Paragraph 61 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

62.     The Trustee avers that the allegations set forth in Paragraph 62 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, the Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

## **AFFIRMATIVE DEFENSES**

The Trustee asserts the following affirmative defenses, without accepting the burden of proof on any claim or defense where such burden would otherwise be on Plaintiff.

### First Affirmative Defense

The claims of Plaintiff and all persons alleged to be similarly situated may be barred in whole or in part by his or her failure to mitigate damages.

### Second Affirmative Defense

The claims of Plaintiff and all other persons alleged to be similarly situated are barred and or may be reduced pursuant to 29 U.S.C. § 2104(a)(4) because any act or omission by the Defendant was in good faith and without intent to deny Plaintiff or class members rights and the Defendant had reasonable grounds for believing it was not in violation of the WARN Act.

### Third Affirmative Defense

The claims of Plaintiff and all persons alleged to be similarly situated may be barred in whole or in part by the doctrine of unclean hands, estoppel or waiver.

### Fourth Affirmative Defense

The Complaint fails to state a claim against Defendant CTS.

### Fifth Affirmative Defense

Any damages awarded to Plaintiff and all other persons alleged to be similarly situated are not entitled to first priority post-petition administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A) or, alternatively wage priority status pursuant to 11 U.S.C. § 507(a)(4) and (5) up to $13,650.

### Sixth Affirmative Defense

Plaintiff and all other persons alleged to be similarly situated suffered no damages or losses due to any alleged violation of the WARN Act.

DOCS_DE:245040.2 57097/001

<u>Reservation of Rights</u>

The Trustee reserves the right to amend or add additional defenses which may become later known during the course of discovery or pretrial procedures.

Dated:  September 29, 2023

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*

Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: bsandler@pszjlaw.com
         crobinson@pszjlaw.com
         pkeane@pszjlaw.com
         ecorma@pszjlaw.com

*Proposed Counsel for the Chapter 7 Trustee*